IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SCOTT PROCTOR,<br><br>*Plaintiff*,<br><br>v.<br><br>HUMAN RESOURCES DEVELOPMENT SERVICES, INC. d/b/a SAINT JAMES SCHOOL OF MEDICINE AND HRDS,<br><br>*Defendant*. | No. 22 C 4078<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Scott Proctor was a student at Saint James School of Medicine. In 2017, a fellow student accused him of criminal conduct, and in response, the school suspended him pending further investigation. The local authorities eventually dropped the criminal charge, and Proctor was allowed to continue his schooling. Unhappy though with his treatment, Proctor sued Saint James for breaching its alleged contractual requirement to properly investigate the accusation and abide by specific disciplinary procedures, as well as violating the covenant of good faith and fair dealing. (Dkt. 1). Saint James moves to dismiss the complaint for failure to state a claim or, in the alternative, moves to compel arbitration pursuant to an arbitration clause signed by Proctor in his Student Contract. (Dkt. 7). For the following reasons, the Court grants Saint James's motion to compel arbitration and dismisses the motion to dismiss as moot. (*Id.*)

**BACKGROUND**

Proctor, a citizen of Ontario, Canada, was a student at Saint James School of Medicine in Anguilla, a British Overseas Territory in the Caribbean. (Dkt. 1 ¶ 3). Upon enrolling in the

1

program, he signed two documents: the school's honor code and the student contract. (Dkts. 1-2, 8-2). The honor code required students to "be aware of and to abide by all laws and regulations of Anguilla." (Dkt. 1-2). It stated, "Any and all violations of this Honor Code may be subject to investigation and … expose the student(s) to a Disciplinary Process as stated in the Student Catalogue." (*Id.*)

The Student Catalogue reinforced the honor code and outlined the disciplinary process. (Dkt. 8-2). "Students are expected to uphold the standards of SJSM and its hospital affiliates." (*Id.* at 42). Violations of the honor code, Code of Ethics, or "policies stated in this document … may result in a disciplinary action against the student." (*Id.* at 43). It is the duty of faculty and students to "practice and preserve academic honesty." (*Id.* at 44). In the event of a violation, the school can take necessary disciplinary action, and students have the right to appeal with "a written reason … along with any supporting documents related to the appeal for review by the Provost (Chief Academic Officer) or his or her designee." (*Id.*)

In the second document, the student contract, Proctor represented that he "read the student catalogue and agree[d] to comply with the rules and regulations set forth in the student hand book [sic] and such other rules and regulations as may be promulgated by the SJSM administration." (Dkt. 8-2). The final paragraph of the contract provided,

> All disputes or claims arising out of or relating to this agreement or breach thereof shall be settled by arbitration in Anguilla as first choice. In case that is not possible second choice is arbitration in Chicago, Illinois, administered by the American Arbitration Association applying the law of the state of Illinois.

(*Id.*) Proctor signed the document on April 29, 2016. (*Id.*)

In 2017, a fellow student accused Proctor of a criminal offense. (Dkt. 1 ¶ 10). Upon learning the accusation, Saint James suspended Proctor and began a formal determination procedure. (*Id.* ¶ 11). Throughout the disciplinary process, Saint James allegedly refused to

follow its own procedures and knew the complainant might have fabricated the story because the person had "a dishonest reputation." (*Id.* ¶¶ 12–14). The prosecutor's office ultimately declined to pursue charges against Proctor, who sent a registered letter of this determination to Saint James asking for reinstatement. (*Id.* ¶ 15). Saint James reinstated him for the summer of 2021, after "four years losses of future earnings." (*Id.* ¶ 19).

Proctor sued Saint James for breach of contract and breach of the covenant of good faith and fair dealing. (*Id.* ¶¶ 20–34); *see also* 28 U.S.C. § 1332. Saint James moved to dismiss for failure to state a claim and, alternatively, to compel arbitration under the agreed-upon clause in the student contract. (Dkt. 7). The Court focuses on the motion to compel arbitration, finding the issue dispositive.

## **LEGAL STANDARD**

Courts apply a "similar" standard in deciding a motion to compel that applies "for a motion for summary judgment," *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016) (quoting *Bensadoun v. Jobe-Riat*, 316 F.3d 171, 175 (2d Cir. 2003)), construing all facts and drawing all reasonable inferences in favor of the nonmoving party, *Lewis v. Indiana Wesleyan Univ.*, 36 F.4th 755, 759 (7th Cir. 2022). "A genuine issue of material fact exists only if 'there is sufficient evidence'" for a jury to find for the nonmoving party. *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The relevant record includes all "admissible evidence submitted by the parties and contained in pleadings … together with ... affidavits." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 155 (2d Cir. 2002) (cleaned up).

## DISCUSSION

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration … shall be valid, irrevocable, and enforceable," and if a suit is brought "upon any issue referable to arbitration under an agreement in writing for such arbitration, the court … shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. §§ 2, 3. "This provision embodies both a 'liberal federal policy favoring arbitration and the fundamental principle that arbitration is a matter of contract.'" *Gore v. Alltel Communications, LLC*, 666 F.3d 1027, 1032 (7th Cir. 2012); *see also Morgan v. Sundance, Inc.*, 142 S. Ct. 1708, 1713 (2022); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011); *Volkswagen of Am., Inc. v. Sud's of Peoria, Inc.*, 474 F.3d 966, 970 (7th Cir. 2007).

State-law principles of contract formation guide federal courts in assessing whether a contract's arbitration clause applies, but "any doubt concerning the scope of the arbitration clause is resolved in favor of arbitration as a matter of federal law." *Gore*, 666 F.3d at 1032.[1] Illinois law, like federal law, holds that "[p]arties are bound to submit to arbitration [] those issues that they have agreed to resolve through the arbitration mechanism." *Hartz v. Brehm Preparatory School, Inc.*, 183 N.E.3d 172, 183 (Ill. App. 2021). Whether parties agreed to arbitration depends on the "clear language of the agreement." *Duemer v. Edward T. Joyce & Associates, P.C.*, 995 N.E.2d 321, 329 (Ill. App. 2013).

Here, Proctor signed an unambiguous arbitration clause that covers this dispute and, therefore, is bound to arbitrate. The arbitration provision, signed by him, reads, "All disputes or claims arising out of or relating to this agreement or breach thereof shall be settled by

---

[1] As it so happens, Illinois courts also favor arbitration because it "is regarded as an effective, expeditious, and cost-efficient method of dispute resolution," and "wherever possible, the courts construe arbitration awards so as to uphold their validity." *Salsitz v. Kreiss*, 761 N.E.2d 724, 731 (Ill. 2001).

4

arbitration." (Dkt. 8-2). The agreement included the terms of the student catalogue and compliance with the rules set forth by the document and the university more broadly. (*Id.*) The student catalogue, in turn, laid out the appropriate procedures to conduct a disciplinary investigation and incorporated other Saint James "rules and regulations." (*Id.*) Indeed, Proctor himself bases his breach-of-contract claim on the "terms of this contract generally [] set forth in the *school's catalogs* and bulletins." (Dkt. 1 ¶ 22 (emphasis added)). Proctor attempts to escape arbitration by directing attention to other paragraphs in his complaint, claiming the allegation is really rooted in other documents: the Disciplinary Committee's Standard Operating Procedure and the Honor Code. (*Id.* ¶ 23; Dkt. 11 at 5). But he agreed to submit any complaint related to the "rules and regulations … promulgated by [school] administration," which include the school-created disciplinary procedures. (Dkt. 8-2). And any doubt "is resolved in favor of arbitration as a matter of federal law." *Gore*, 666 F.3d at 1032.

## CONCLUSION

For these reasons, the Motion to Compel Arbitration is granted. (Dkt. 7). The case is stayed pending arbitration. *See Continental Cas. Co. v. Am. Nat'l Ins. Co.*, 417 F.3d 727, 732 n.7 (7th Cir. 2005). The motion to dismiss for failure to state a claim is dismissed as moot. (*Id.*)

Virginia M. Kendall
United States District Judge

Date: January 20, 2023

5